UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA WOODWARD, ) <br> INDIVIDUALLY and as PERSONAL ) <br> REPRESENTATIVE of the ESTATE OF ) <br> PAUL WOODWARD ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> vs. ) <br>   ) <br> TWENTIETH CENTURY FOX FILM ) <br> CORP. d/b/a TWENTIETH TELEVISION, ) <br> RYAN MURPHY PRODUCTIONS, and ) <br> THE WALT DISNEY COMPANY, ) <br>   ) <br>   Defendants. ) | CIVIL ACTION NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff Patricia Woodward ("Plaintiff") is an individual residing at 115 South Street, East Bridgewater, Massachusetts and is the duly appointed personal representative of the estate of her late husband Paul Woodward ("Decedent") who last resided with her at 115 South Street, East Bridgewater, Massachusetts.

2. Plaintiff brings this action in both her individual capacity as well as on behalf of Decedent's estate.

3. Defendant Twentieth Century Fox Film Corp. is a Delaware for profit corporation with a principal place of business at 10201 West Pico Boulevard, Los Angeles, California, conducting business under the registered trade name "Twentieth Television" ("Twentieth Television").

4. Defendant Ryan Murphy Productions ("RMP") is a California company with a principal place of business at 10201 West Pico Boulevard, Los Angeles, California.

5. The Walt Disney Company ("Disney") is a Delaware for profit corporation with a principal place of business at 500 Buena Vista Street, Burbank, California.

## JURISDICTION AND VENUE

6. This court maintains personal jurisdiction over Defendants in accordance with the due process clause of the United States Constitution and the Massachusetts Long-Arm Statute, General Laws Chapter 223A, Section 3, based on their purposeful, systemic, and substantial transactions and business activities within the Commonwealth of Massachusetts, and contacts with Decedent while in Massachusetts, and based on their operation of a television production set in Massachusetts.

7. Defendants furthermore do sufficient business in the Commonwealth of Massachusetts and in the District of Massachusetts for this court to exercise personal jurisdiction over them such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

8. Personal jurisdiction is proper in this Court under the due process clause of the U.S. Constitution because Defendants have sufficient minimum contacts with Massachusetts, because Defendants purposefully availed themselves of the privilege of doing business in Massachusetts, because the exercise of jurisdiction over Defendants would be fair and reasonable, and/or because they committed tortious acts and omissions in Massachusetts.

9. Personal jurisdiction lies in this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff is a Massachusetts resident and Defendants are all foreign corporations.

10. Furthermore, Defendants committed tortious acts and omissions in Massachusetts causing the Decedent to die in Massachusetts after contracting COVID-19 in the course and scope of his employment while working on Defendants' television production set in Massachusetts.

11. The amount in controversy exceeds $75,000.

12. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this judicial district for the reasons set forth above.

## FACTUAL ALLEGATIONS

13. In and around February and March of 2021, Defendants collectively organized, arranged, prepared, owned, managed, controlled, operated, directed, and/or produced a television production set for the show "American Horror Story" on location in Provincetown, Massachusetts (the "Project").

14. The Project occurred during the COVID-19 pandemic, before the widespread roll-out of COVID-19 vaccines to the general public and while state and local COVID-19 restrictions remained in effect.

15. To produce the Project, Defendants brought in hundreds of workers, including many from out-of-state, to be housed at one or more Provincetown hotels where they were then shuttled to and from various set and filming locations in the area.

16. Defendants chose to undertake the Project despite the known, ongoing, and grave dangers then existing with respect to the transmission and infection of humans with COVID-19.

17. Defendants owed a duty of reasonable care to everyone working on the Project (including Decedent) to develop, establish, implement, and enforce COVID-19 safety protocols.

18. Defendants attempted to undertake this duty of care by establishing certain COVID-19 protocols for the safety of everyone on the Project (including the crew, actors, contractors, and employees).

19. Defendants' COVID-19 protocols for the Project were supposed to include accurate and frequent COVID-19 testing procedures, safe distancing, safe transport to and from filming sites, sanitization of work areas, and the provision and use of masks and protective equipment.

20. Defendants collectively breached their duty of care when they failed to implement and/or enforce COVID-19 safety protocols on the Project.

21. Defendants' multiple breaches of their duty of care rose to the level of negligence, gross negligence, and recklessness.

22. Defendants' crew, actors, contractors, and employees (for whom Defendants are vicariously liable) openly flouted and violated the COVID-19 safety protocols on the Project and Defendants failed to take adequate corrective action to enforce compliance.

23. At all times material hereto, Decedent was a member of the Teamsters Local 25 Movie Division.

24. Decedent was employed by Entertainment Partners LP to work on the Project through Local 25 to provide transportation services.

25. On or about February 26, 2021, Decedent first reported to work on the Project and checked into the Harbor Hotel at 698 Commercial Street in Provincetown where he was provided with room and board along with many other workers on Defendants' Project.

26. Decedent was assigned to work as a passenger van driver responsible for shuttling Defendants' crew and employees back and forth between the hotel and various film sites on location around Provincetown throughout the duration of the Project.

27. Upon entry into the Project on February 26, 2021, Decedent tested negative for COVID-19 and had no symptoms of COVID-19.

28. Decedent remained within the isolated Project, continuously working extended hours, until he contracted COVID-19 and fell ill with COVID-19 symptoms, ultimately leaving the Project on or about March 13, 2021 for the hospital where he later died from COVID-19 on April 18, 2021.

29. From the Project's outset, Defendants knowingly violated and failed to enforce their own COVID-19 safety protocols as well as other similar occupational industry standards designed to keep the Project workers safe during the pandemic.

30. For example, Decedent was assigned to drive a transport van that did not have a "spit shield" or other protective barrier to separate him from Defendants' passengers and guard against the transmission of the COVID-19 virus.

31. Other transport vans on the Project had "spit-shields".

32. A "spit shield" was requested for Decedent's van but Defendants refused to install one and failed to provide a replacement van equipped with a "spit shield".

33. There was also supposed to be safe distancing and occupancy limits of Defendants' passengers inside the Decedent's van but this rule was ignored by Defendants' passengers and not enforced by Defendants.

34. There was supposed to be a masking requirement for workers on the Project including for passengers inside the van but this rule was ignored and not enforced by Defendants.

35. There was supposed to be no congregating of Project workers at the hotel and in the hotel rooms, but this rule was ignored and not enforced by Defendants.

36. These and other tortious acts and omissions were committed by Defendants, their employees, agents, servants, and crew, all acting in the course and scope of their employment on the Project and under the direct and exclusive control of Defendants.

37. All property, equipment, personnel, and operations on the Project were at all times material hereto owned, controlled, managed, and/or maintained by Defendants.

38. At all times material hereto, Defendants owed a duty of reasonable care to all persons working on the Project to provide reasonable COVID-19 protocols for jobsite safety, safety planning and training, supervision, management, hazard identification and control, and to ensure Project-wide compliance therewith.

39. Defendants breached said duty and were negligent, grossly negligent, and/or reckless when they knowingly:

    a. failed to take reasonable and appropriate precautionary steps in light of the ongoing COVID-19 pandemic;
    b. failed to properly enforce COVID-19 policies, procedures, protocols, and safety standards on the Project to limit the exposure and spread of the COVID-19 virus;
    c. failed to properly train and/or instruct all Project workers, employees, and personnel on COVID-19 policies, procedures, protocols, and safety standards on the Project;
    d. failed to provide adequate personal protective equipment including N-95 masks, gloves, hand sanitizer, and spit shields on transport vans on the Project;
    e. failed to timely and effectively conduct contact tracing for the COVID-19 virus on the Project;
    f. failed to timely and effectively test, screen, and quarantine Decedent, and others, for the COVID-19 virus;
    g. failed to ensure that those working on the Project with Decedent were not COVID-19 positive and spreading the virus;
    h. failed to timely and effectively quarantine Decedent and others after each was exposed to the COVID-19 virus;
    i. failed to timely and effectively implement and enforce social distancing rules;
    j. failed to timely and adequately sanitize the work areas of the Project;
    k. failed to provide or arrange for medical treatment and hospitalization for Decedent

once he became sick with COVID-19 symptoms;
l. failed to provide Decedent with reasonably safe working conditions on the Project; and,
m. failed to act in a reasonably prudent manner in light of the facts and circumstances surrounding the operation and management of the Project during the height of the COVID-19 pandemic.

40. As a direct and proximate result of Defendants' negligence, gross negligence, and/or recklessness, Decedent contracted COVID-19 while working on the Project and endured conscious pain and suffering until his death on April 18, 2021.

41. In addition to their direct negligence, Defendants are also vicariously liable for the tortious acts and omissions of their crew and employees on the Project.

42. At all times material herein, Decedent was in the exercise of due care and free from all comparative fault.

## COUNT I – Wrongful Death – Negligence
## Estate of Paul Woodward v. Twentieth Television

43. Plaintiff repeats and reavers paragraphs 1 through 42 as if realleged herein.

44. This action is brought to recover for Decedent's wrongful death and for the benefit of his next of kin.

45. At all times material herein, Twentieth Television, owed a duty of care to Decedent.

46. At all times material herein, Twentieth Television breached said duty and was negligent with regard to each of the failures enumerated above.

47. At all times material herein, Twentieth Television negligently breached said duty thereby causing Decedent's premature and wrongful death.

48. As a direct and proximate result of Twentieth Television's negligence, Decedent was caused to suffer conscious pain and suffering, was caused to incur medical expenses, loss of reasonably expected net income, as well as the loss of his life.

49. As a direct and proximate result of Twentieth Television's negligence, Decedent's statutory beneficiary, including his wife, Patricia Woodward, was caused to lose her husband's loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, and significant financial support.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant Twentieth Television, pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, together with interest and costs.

### COUNT II – Wrongful Death – Recklessness/Gross Negligence
### The Estate of Paul Woodward v. Twentieth Television

50. The Plaintiff repeats and reavers paragraphs 1 through 49 as if realleged herein.

51. This action is brought to recover for the Decedent's wrongful death and for the benefit of his next of kin.

52. At all times material herein, Twentieth Television, owed a duty of care to the Decedent.

53. At all times material herein, Twentieth Television breached said duty and was grossly negligent, and/or reckless with regard to each of the failures enumerated above.

54. At all times material herein, Twentieth Television was reckless and grossly negligent thereby causing Decedent's premature and wrongful death.

55. As a direct and proximate result of Twentieth Television's recklessness and gross negligence, Decedent was caused to suffer conscious pain and suffering, was caused to incur medical expenses, loss of reasonably expected net income, as well as the loss of his life.

56. As a direct and proximate result of Twentieth Television's recklessness and gross negligence, Decedent's statutory beneficiary, including his wife, Patricia Woodward, was

caused to lose her husband's loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, and significant financial support.

57. Decedent's wrongful death and the damage to his estate were the direct and proximate result of the recklessness and gross negligence of the Defendant, Twentieth Television.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant Twentieth Television, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, including punitive damages, together with interest and costs.

### COUNT III – Conscious Pain and Suffering
### The Estate of Paul Woodward v. Twentieth Television

58. The Plaintiff repeats and reavers paragraphs 1 through 57 as if realleged herein.

59. This action is brought to recover for the conscious pain and suffering of the Decedent, Paul Woodward.

60. As the direct and proximate result of the negligence, gross negligence, and recklessness of the Defendant, Twentieth Television, the Decedent, Paul Woodward, was caused to suffer consciously up to and until the time of his premature and wrongful death.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant Twentieth Television in an amount to be determined by a jury, together with interest and costs.

### COUNT IV – Loss of Consortium
### Patricia Woodward v. Twentieth Television

61. The Plaintiff repeats and reavers paragraphs 1 through 60 as if realleged herein.

62. This action is brought by the Plaintiff, Patricia Woodward, individually, to recover for loss of consortium suffered between the time of Defendants' tortious acts and omissions which caused Paul Woodward to become infected with COVID-19 and the time of his

wrongful death.

WHEREFORE, the Plaintiff, Patricia Woodward, individually, claims and demands judgment against Defendant Twentieth Television in an amount to be determined by a jury, together with interest and costs.

### COUNT V – Wrongful Death – Negligence
### The Estate of Paul A. Woodward v. RMP

63. The Plaintiff repeats and reavers paragraphs 1 through 62 as if realleged herein.

64. This action is brought to recover for Decedent's wrongful death and for the benefit of his next of kin.

65. At all times material herein, RMP, owed a duty of care to Decedent.

66. At all times material herein, RMP breached said duty and was negligent with regard to each of the failures enumerated above.

67. At all times material herein, RMP negligently breached said duty thereby causing Decedent's premature and wrongful death.

68. As a direct and proximate result of RMP's negligence, Decedent was caused to suffer conscious pain and suffering, was caused to incur medical expenses, loss of reasonably expected net income, as well as the loss of his life.

69. As a direct and proximate result of RMP's negligence, Decedent's statutory beneficiary, including his wife, Patricia Woodward, was caused to lose her husband's loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, and significant financial support.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant RMP, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, together with interest and costs.

**COUNT VI – Wrongful Death – Recklessness/Gross Negligence**
**The Estate of Paul A. Woodward v. RMP**

70. The Plaintiff repeats and reavers paragraphs 1 through 69 as if realleged herein.

71. This action is brought to recover for Decedent's wrongful death and for the benefit of his next of kin.

72. At all times material herein, RMP, owed a duty of care to Decedent.

73. At all times material herein, RMP breached said duty and was grossly negligent, and/or reckless with regard to each of the failures enumerated above.

74. At all times material herein, RMP was reckless and grossly negligent thereby causing Decedent's premature and wrongful death.

75. As a direct and proximate result of RMP's recklessness and gross negligence, Decedent was caused to suffer conscious pain and suffering, was caused to incur medical expenses, loss of reasonably expected net income, as well as the loss of his life.

76. As a direct and proximate result of RMP's recklessness and gross negligence, Decedent's statutory beneficiary, including his wife, Patricia Woodward, was caused to lose her husband's loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, and significant financial support.

77. Decedent's wrongful death and the damage to his estate were the direct and proximate result of the recklessness and gross negligence of the Defendant, RMP.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant RMP, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, including punitive damages, together with interest and costs.

### COUNT VII – Conscious Pain and Suffering
### The Estate of Paul A. Woodward v. RMP

78. The Plaintiff repeats and reavers paragraphs 1 through 77 as if realleged herein.

79. This action is brought to recover for the conscious pain and suffering of the Decedent, Paul Woodward.

80. As the direct and proximate result of the negligence, gross negligence, and recklessness of the Defendant, RMP, the Decedent, Paul Woodward, was caused to suffer consciously up to and until the time of his premature and wrongful death.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant RMP, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, together with interest and costs.

### COUNT VIII – Loss of Consortium
### Patricia Woodward v. RMP

81. The Plaintiff repeats and reavers paragraphs 1 through 80 as if realleged herein.

82. This action is brought by the Plaintiff, Patricia Woodward, individually, to recover for loss of consortium suffered between the time of Defendants' tortious acts and omissions which caused Paul Woodward to become infected with COVID-19 and the time of his wrongful death.

WHEREFORE, the Plaintiff, Patricia Woodward, individually, claims and demands judgment against Defendant RMP in an amount to be determined by a jury, together with interest and costs.

### COUNT IX – Wrongful Death – Negligence
### The Estate of Paul A. Woodward v. Disney

83. The Plaintiff repeats and reavers paragraphs 1 through 82 as if realleged herein.

84. This action is brought to recover for the Decedent's wrongful death and for the benefit of his next of kin.

85. At all times material herein, Disney, owed a duty of care to the Decedent.

86. At all times material herein, Disney breached said duty and was negligent with regard to each of the failures enumerated above.

87. At all times material herein, Disney negligently breached said duty thereby causing Decedent's premature and wrongful death.

88. As a direct and proximate result of Disney's negligence, Decedent was caused to suffer conscious pain and suffering, was caused to incur medical expenses, loss of reasonably expected net income, as well as the loss of his life.

89. As a direct and proximate result of Disney's negligence, Decedent's statutory beneficiary, including his wife, Patricia Woodward, was caused to lose her husband's loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, and significant financial support.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant Disney, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, together with interest and costs.

### COUNT X – Wrongful Death – Recklessness/Gross Negligence
### The Estate of Paul A. Woodward v. Disney

90. The Plaintiff repeats and reavers paragraphs 1 through 89 as if realleged herein.

91. This action is brought to recover for Decedent's wrongful death and for the benefit of his next of kin.

92. At all times material herein, Disney owed a duty of care to Decedent.

93. At all times material herein, Disney breached said duty and was grossly negligent, and/or reckless with regard to each of the failures enumerated above.

94. At all times material herein, Disney was reckless and grossly negligent thereby causing Decedent's premature and wrongful death.

95. As a direct and proximate result of Disney's recklessness and gross negligence, Decedent was caused to suffer conscious pain and suffering, was caused to incur medical expenses, loss of reasonably expected net income, as well as the loss of his life.

96. As a direct and proximate result of Disney's recklessness and gross negligence, Decedent's statutory beneficiary, including his wife, Patricia Woodward, was caused to lose her husband's loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, and significant financial support.

97. Decedent's wrongful death and the damage to his estate were the direct and proximate result of the recklessness and gross negligence of the Defendant, Disney.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant Disney, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, including punitive damages, together with interest and costs.

### COUNT XI – Conscious Pain and Suffering
### The Estate of Paul A. Woodward v. Disney

98. The Plaintiff repeats and reavers paragraphs 1 through 97 as if realleged herein.

99. This action is brought to recover for the conscious pain and suffering of the Decedent, Paul Woodward.

100. As the direct and proximate result of negligence, gross negligence, and recklessness of the Defendant, Disney, the Decedent, Paul Woodward, was caused to suffer consciously

up to and until the time of his premature and wrongful death.

WHEREFORE, the Plaintiff, Patricia Woodward, as the Personal Representative of the Estate of Paul A. Woodward, claims and demands judgment against Defendant Disney, Pursuant to G. L. Ch. 229, §2 and 6 in an amount to be determined by a jury, together with interest and costs.

### COUNT XII – Loss of Consortium
### Patricia Woodward v. Disney

101. The Plaintiff repeats and reavers paragraphs 1 through 100 as if realleged herein.

102. This action is brought by the Plaintiff, Patricia Woodward, individually, to recover for loss of consortium suffered between the time of Defendants' tortious acts and omissions which caused Paul Woodward to become infected with COVID-19 and the time of his wrongful death.

WHEREFORE, the Plaintiff, Patricia Woodward, individually, claims and demands judgment against Defendant Disney in an amount to be determined by a jury, together with interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff,
By her Attorneys,
KECHES LAW GROUP, P.C.

*/s/ Jonathan D. Sweet*
Jonathan D. Sweet, BBO# 634755
Patrick J. Nelligan, BBO# 682849
2 Granite Avenue, Suite 400
Milton, MA  02186
(508) 822-2000
jsweet@kecheslaw.com
pnelligan@kecheslaw.com

Date: